**UNITED STATES COURT OF INTERNATIONAL TRADE**

INSULATION SALES & SERVICE, L.L.C.,

Plaintiff,

v.

Case No. 1:26-cv-5017

U.S. CUSTOMS AND BORDER PROTECTION; RODNEY SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; and THE UNITED STATES OF AMERICA,

Defendants.
_______________________________________/

**COMPLAINT**

NOW COMES INSUATION SALES & SERVICE, L.L.C. (hereinafter "Plaintiff") by and through its attorney, and files its Complaint against Defendants, U.S. Customs and Border Protection, Rodney Scott, in His Official Capacity as Commissioner of U.S. Customs and Border Protection, and the United States of America ("Defendants"), and alleges as follows:

1. This action is to enforce the return of tariffs and duties paid by the Plaintiff under the International Emergency Economic Power Act ("IEEPA").
2. The United State Supreme Court has held IEEPA tariffs and duties such as those paid by Plaintiff were contrary to law. *Learning Resources, Inc. v Trump*, No. 24-

1287, slip op. at 20 (U.S. February 20, 2026 (affirming *V.O.S. Selections, Inc. v Trump*, 149 F.4th 1312 (Fed. Cir. 2025))).

3. Plaintiff seeks a full refund from Defendants of all IEEPA tariffs and duties Plaintiff paid, in addition to interest, costs and attorney fees incurred.

**<u>THE PARTIES</u>**

4. Plaintiff, INISULATION SALELS & SEVICES, L.L.C., is a Los Angeles Limited Liability Company. Plaintiff was the importer of record and paid the IEEPA Tariffs and/or Duties, Importer Of Record (IOR) Number: 72-071265400. Therefore, Plaintiff is "adversely affected or aggrieved by agency action" within the meaning of 5 U.S.C. §702 and 28 U.S.C. §2631(i).
5. Defendants are: U.S. Customs and Border Protection ("CBP"), Rodney Scott, In His Official Capacity as Commissioner of U.S. Customs and Border Protection ("Scott") and the United States of America ("United States" and collectively with CBP and Scott, the "Defendants").

**<u>JURISDICTION AND STANDING</u>**

6. This Court has subject-matter jurisdiction under 28 U.S.C. §1581(i).
7. This Court has the same powers at law and equity as a United States District Court. 28 U.S.C. §1585.

8. In a civil matter such as this case this Court can enter a money judgment, injunctive relief against the United States under 28 U.S.C. §1581 and can order any other appropriate civil remedy and relief under 28 U.S.C. §2643(a)(1) and (c)(1).

9. Plaintiff has standing to sue as it is adversely affected within the meaning of the Administrative Procedures Act. 5 U.S.C. §702; 28 U.S.C. §2631(i). IEEPA tariffs and duties imposed by Defendants adversely affected and aggrieved the Plaintiff because as the importer of record it was required to pay unlawful duties and tariffs.

10. A Plaintiff must commence an action under 28 U.S.C. § 1581(i) within two years after the cause of action first accrues, as required by 28 U.S.C. § 2636(i). Plaintiff's cause of action accrued on February 1, 2025. Therefore, this action is filed within the applicable two-year requirement.

## CAUSE OF ACTION

11. Plaintiff incorporates paragraphs 1 – 10 into this Cause of Action.

12. Defendants imposed IEEPA tariffs and duties on Plaintiff.

13. Plaintiff paid the IEEPA tariffs and duties.

14. The IEEPA tariffs and duties imposed by Defendants and paid by Plaintiff were held unconstitutional by the United States Supreme Court.

15. Plaintiff has taken all prerequisite actions for the return of the tariffs and duties it paid.

16. Defendants have failed to return or refund the tariffs and duties paid by Plaintiff.

17. Plaintiff is entitled to a return of the moneys it paid, in addition to interest, attorney fees and costs.

18. Plaintiff is also entitled to declaratory and injunctive relief pursuant to 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court issue an order directing that:

a. The Defendants refund to Plaintiff the IEEPA Tariffs and Duties Plaintiff paid;

b. Award to Plaintiff interest and costs as provided by law;

c. Award to Plaintiff its attorney fees incurred in bringing this action;

d. Grant Plaintiff declaratory and injunctive relief as may be appropriate;

e. Grant such other relief as this Court deems appropriate.

Dated: 11/04/2026

Respectfully Submitted,

Venar Ayar

Venar R. Ayar
Counsel for Plaintiff
30095 Northwestern Hwy, Ste. 102
Farmington Hills, MI 48334
(248) 262-3400
venar@ayarlaw.com